Hay, Judge,
delivered the opinion of the court:
This is a petition brought by the Corona Coal Company to recover from the United States the sum of $107,431.99. To this petition of the plaintiff the defendant has demurred.
*391 The petition alleges in substance that the plaintiff’s chief business is the mining and sale of coal; that it had entered into contract with certain railroads to supply them with coal for a certain period; that subsequent to the date of these contracts the railroads were taken over by the Government; that the Railroad Administration insisted that it was entitled to have the coal provided for in these contracts delivered at the same price which the plaintiff had agreed upon with the railroads; that the plaintiff refused to deliver the coal at that price; and that therefore the United States Fuel Administration requisitioned 171,476.61 tons of coal which, under said requisition, were delivered to the United States Railroad Administration, and that the plaintiff was paid the price by the Government which had been agreed upon by it and the railroads before they were taken over, the sum paid to the plaintiff being $385,593.76, while the price fixed by the Fuel Administration for said coal was $486,997.79, and the plaintiff sues for the difference in price (which is stated in the petition as the sum of $107,431.99).
The question arises whether or not this court has judisdiction to- entertain this suit either under section 10 or section 25 of the Lever Act, 40 Stat., 276, 279, 284. The Supreme Court of the United States in the case of Pfttsch, decided June 1, 1921, has expressly held that section 10 of the Lever Act conferred jurisdiction only on the district courts.
Section 25 of the Lever Act confers jurisdiction on this court in cases where the President requisitions and takes over the plant or where the President requires producers to sell their products only to the United States. It is not alleged in the petition that the plaintiff’s plant was taken over, or that it was required to sell its products only to the United States and under conditions recited in the section. The allegation is that so many tons of coal were requisitioned for the use of the United States, and Congress having designated a jurisdiction in which the plaintiff must proceed, it is the duty of this court to give effect to its designation. United States v. Pfitsch, supra.
The demurrer of the defendant is therefore sustained, so far as the special count is concerned. The petition contains the “ Common Counts,” but these do not comply with the *392 provisions of section 159 of the Judicial Code applicable to petitions in this court. The plaintiff will therefore be required to make these counts more specific, unless relying upon the special count for the facts it elects to strike out these “ Common Counts.”
The plaintiff is given thirty days in which to amend its petition.
Graham, Judge; DowNev, Judge; Booth, Judge; and Campbell, QMef Justice, concur.